

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADUL NASIRU JAFAR,<br><br>                    Petitioner,<br><br>v.<br><br>JEREMY CASEY,<br><br>                    Respondent. | Case No.:  26-cv-1568-JO-MSB<br><br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS [DKT. 1]** |

For the reasons stated at Dkt. 11, the Court GRANTS the habeas petition [Dkt. 1] and ORDERS as follows:

1. Within seven days (*i.e.*, April 8, 2026), Respondent shall provide Petitioner with an individualized bond hearing before a neutral immigration judge where the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk that cannot reasonably be addressed by bond or conditional release. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011).  Respondent shall not deny Petitioner bond on the basis that (i) 8 U.S.C. § 1225(b) requires or authorizes mandatory detention; or that (ii) BIA

1

precedent deprives the immigration judge of jurisdiction to decide bond. The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release. *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017). The bond hearing shall be transcribed.

2. If Respondent fails to provide a bond hearing in compliance with the above by April 8, 2026, Respondent shall release Petitioner from custody by 5 p.m. on April 9, 2026.

3. By 5 p.m. on April 10, 2026, Respondent shall file a declaration attaching the immigration judge's order; or if no bond hearing was conducted, confirming that Petitioner has been released.

4. Because the Court has concluded that Petitioner's detention without a bond hearing has surpassed constitutional limits, Respondent is further enjoined from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing as set forth above. *See Boumediene v. Bush*, 553 U.S. 723, 779–80 (2008) (while habeas relief commonly includes reprieve from physical imprisonment, "depending on the circumstances, more [relief] may be required"); *Rodriguez v. Hayes*, 591 F.3d 1105, 1117 (9th Cir. 2010) (holding that petitioner's release—revocable at the government's discretion—did not provide complete relief where petitioner sought a legal ruling that he could only be redetained upon a bond hearing); *Clark v. Martinez*, 543 U.S. 371, 376 n.3 (2005) (despite release, petitioner's habeas claim challenging the statutory authority for his detention "continue[d] to present a live case or controversy" because the court could provide relief to prevent redetention on the same allegedly unlawful basis).

5. Respondent shall file a declaration attesting to full compliance with these obligations **at least 48 hours prior** to any redetention of Petitioner.

26-cv-1568-JO-MSB

6.  The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  April 1, 2026

_____

Honorable Jinsook Ohta
United States District Judge

26-cv-1568-JO-MSB